Donald MOODY, Plaintiff, Appellant,

v.

MAINE CENTRAL RAILROAD
COMPANY, Defendant,
Appellee.

No. 85–1960.

United States Court of Appeals,
First Circuit.

Argued June 5, 1987.

Decided July 15, 1987.

Mark J. McCarthy with whom Phillip S. Arensberg, Stephen M. Kerwin, Douglas J. Broda, McClung, Peters and Simon, Albany, N.Y., Joanne Cole and Amerling & Burns, Portland, Me., were on brief, for plaintiff, appellant.

Ralph I. Lancaster, Jr. with whom Gregory D. Woodworth and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., were on brief, for defendant, appellee.

Before COFFIN, DAVIS* and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiff-Appellant brings this action against Defendant-Appellee Maine Central Railroad Company under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 56. He claims that the Railroad negligently injured him through long continued harassment in the form of denying his admission into an engineer training program, assigning him to unattractive locations, denying his qualification on certain runs, and suggesting in a superior's letter that no future employees like plaintiff be selected for training and advancement. The results of such harassment were alleged to have been fatigue and depression which in turn resulted in attacks of angina.

After answers to interrogatories were filed and the deposition of the plaintiff had been taken, the district court granted the Railroad's motion for summary judgment. 620 F.Supp. 1472. In doing so, it relied on our decision in *Bullard v. Central Vermont Ry.*, 565 F.2d 193, 197 (1st Cir.1977), as holding "that a jury's award of damages was excessive to the extent that it compensated the plaintiff for psychological injuries not properly attributable to a physical injury." 620 F.Supp. at 1473. The district court first noted that there was nothing to indicate the presence of the "requisite physical injury." *Id.* at 1474. It went on to hold that even if plaintiff's angina attacks and general fatigue could be said to

* Of the Federal Circuit, sitting by designation.

constitute a physical injury "there [was] no record made by Plaintiff ... to support the existence of a causal connection between either the fatigue or the angina allegedly suffered by the Plaintiff on one occasion and the actions of the Defendant." *Id.* at 1474.

Appellate proceedings were stayed pending the decision of the United States Supreme Court in *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* — U.S. —, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). The decision in that case bears on two issues raised in the case at bar. First, *Buell* disposes of a jurisdictional argument made for the first time on appeal by the Railroad, i.e., that the issue presented was a minor dispute which should be subject to grievance proceedings under the Railway Labor Act (RLA), 45 U.S.C. § 153 first (i) (1986). The Railroad concedes that *Buell* decided this issue adversely to it, holding that an employee may bring an FELA suit even if the cause of action is also subject to arbitration under the RLA. 107 S.Ct. at 1417.

The second impact of *Buell* is that, at the very least, it throws doubt on the doctrine attributed to us in *Bullard* that damages may not be awarded for mental or emotional injuries unaccompanied by physical injury. The Court indicated that the question whether there can be recovery for mental and emotional injuries "is not necessarily an abstract point of law" but might rest on a variety of distinctions related to the nature of the injuries and the character of the tortious activities, and that guidance might be forthcoming from the developing common law in the various states. *Id.* at 1417–18.

We discern from the *Buell* opinion an attempt to leave the door to recovery for wholly emotional injury somewhat ajar but not by any means wide open. In commenting upon the argument that allowing FELA actions, even though arbitration under the RLA was available, would open the flood gates, the Court stated that, "This parade of horribles mistakenly assumes that a significant percentage of employees bringing grievances suffer the type of severe emotional injury that has generally been re-

quired to establish liability for purely emotional injury, ... and that a significant percentage of employees are subject to the type of unconscionable abuse which is a prerequisite to recovery." *Id.* at 1416 n. 13.

We resist the invitation to make this a pioneer case exploring the frontier possibly opened up by *Buell.* We find an adequate basis for affirmance in the holding of the district court that the plaintiff failed to make a sufficient showing of causation as required by *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (summary judgment mandated, after adequate time for discovery, against party failing to make showing sufficient to establish essential element of case on which party bears burden of proof).

Although causation was not the focus of the parties in the initial proceedings to the court below, and never obtained a central focus, it was injected into the case and obviously was made the alternative basis for decision by the district court. We note first that there was ample opportunity for plaintiff to have proffered some evidence of causation. Over eight months elapsed from the filing of the complaint to defendant's filing its motion for summary judgment. Defendant obtained answers to its interrogatories and took plaintiff's deposition during this period, but plaintiff apparently saw no need to supplement the record. Although the initial motion for summary judgment made no reference to lack of evidence of causation, defendant's reply to plaintiff's opposition did raise the issue. There was no motion for a continuance to permit further discovery, *see Celotex,* 106 S.Ct. at 2554–55, nor any affidavit or medical report submitted to buttress plaintiff's solely conclusory allegations. Over a month later summary judgment issued for the defendant.

We have searched the record scrupulously to identify anything which could be relied upon by plaintiff to raise causation to the level of a genuine issue of material fact. The sole evidence as to causation consists of the following:

(1) Plaintiff's answer to Interrogatory No. 2, which, after describing his 24–years of service as a hostler with the Railroad, his long frustrated attempts to obtain an engineer trainee job, his discriminatory assignment to Bangor, Maine, and his viewing of a superior's letter stating that the Railroad did not want people like him in the engineer training program, concluded:

> This caused plaintiff severe emotional distress; however, he continued to work until July 15, 1982, when the continual harassment and abuse that defendant was subjecting the plaintiff to caused such severe psychological trauma and depression that it forced him to mark off.

App. at 29–30.

(2) In his deposition, plaintiff stated that on one occasion, while taking a train of some 80 to 90 cars over an unfamiliar route,

> I ate a whole box—I am not talking about a roll, I am talking about 12 rolls of Rolaids on the way down there because of the pains that I was having in my chest which I thought at the time was indigestion. But I realize now due to the stress that I was under, it was angina.

App. at 57.

(3) In his statement of material facts submitted pursuant to Local Rule 19, plaintiff alleges that the harassment and abuse that constituted the negligent conduct of defendant had both physiological and psychological impact, with "[t]he physical component of plaintiff's complaints includ[ing] angina ..., fatigue and physical weakness." App. at 169–70.

Although we find references in the record to no fewer than eight doctors, there is absolutely no evidence that any one of the doctors indicated that the so-called harassment by defendant's supervisors was the cause of any symptom exhibited by the plaintiff. Indeed, some of the doctors were consulted for reasons quite irrelevant to the issues of the instant case. There was not even evidence of the diagnoses made by the doctors, with the sole exception of Dr. Adams, who said that plaintiff was suffering from angina, a diagnosis made some five months after the beginning of the lawsuit. There was no evidence of record as to what brought about this condition. With regard to expert opinion, we have only the following response to interrogatory No. 47 asking whether plaintiff's claim is based upon expert opinion:

> ANSWER: Plaintiff reserves the right to call each of the physicians specified in these interrogatories. To date, plaintiff does not have in his possession the opinion of any other expert with regard to any facts or circumstances of the incident complaint [sic] of. Plaintiff specifically reserves his right to call upon expert opinion in the event same is required in the proof of this action.

App. at 45. Interrogatory No. 48 asked, "If so, what is that opinion?" Plaintiff's answer was, "No [sic] applicable at this time." *Id.*

We recognize the considerably relaxed standard of proof in FELA cases. The test for minimally adequate proof of causation is "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury...." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). But although a plaintiff need not make a showing that the employer's negligence was the *sole* cause, there must be a sufficient showing (i.e., more than a possibility) that *a* causal relation existed. The general principle has been stated by Prosser and Keeton:

> Where the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn.

W.P. Keeton, *The Law of Torts* 269 (5th ed. 1984) (footnotes omitted). Or, in the similar phrasing of Harper and James,

> Expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.

4 F. Harper, F. James, O. Gray, *The Law of Torts* § 20.2 (2d ed. 1986) (footnote omitted). *See also Bushman v. Halm,* 798 F.2d 651, 658–59 (3d Cir.1986).

We also draw on our decision in *Bullard,* in which we considered the availability of damages for "mental or nervous aftereffects" of the accident in which plaintiff was injured. 565 F.2d at 197. The following language, although addressed largely to establishing the existence and nature of the injury, seems entirely appropriate to the issue of causation in the present case:

> No witness, expert or otherwise, testified to behavioral harm or deficits attributable to the accident. [Plaintiff's] testimony as to his feelings when he passes the accident site is not a sufficient basis for compensation. If there is to be compensation for nervousness, depression, or other mental conditions which may sometimes result from harrowing experiences of this sort, there must be evidence from which a jury can make an informed judgment as to the existence, nature, duration and seriousness of the condition.

*Id.*

In the case before us, plaintiff alleges a condition (whether denominated physical or mental) manifested only by subjective pain and allegedly arising from a series of work-related pressures, and not from any traumatic "accident" or event that jurors, as a matter of everyday experience, could causally connect with the injury alleged. The record does not contain any medical opinion as to causation from any one of the numerous doctors whom plaintiff has consulted, and there is no indication that such evidence is obtainable. These circumstances persuade us that plaintiff has failed to carry his burden under *Celotex* of making "a sufficient showing of an essential element of [his] case with respect to which [he] has the burden of proof." 106 S.Ct. at 2553. Summary judgment for the Railroad is therefore mandated.

*Affirmed. No costs.*